EASTERN DIST.
May, 1837.

THOMASSIN
vs.
RAPHAEL'S
EXECUTOR.

the drawer is dispensed with, proving that the bill was put in circulation and paid by him on its return, in order to charge the acceptor.

---

THOMASSIN *vs.* RAPHAEL'S EXECUTOR.

APPEAL FROM THE PROBATE COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A subsequent marriage of the putative father with the mother, when the parties are persons of color, does not legitimate the children born before marriage, although they are acknowledged before the priest in the celebration of the marriage.

Persons of color can only legitimate their children born before marriage, by a declaration before a notary and two witnesses, if it has not been made at the registering of their births or baptisms.

This is an action against the testamentary executor of Charlotte G. Raphael, deceased, by her grand-son, who seeks to recover one third of her estate as her forced heir.

The pleadings and facts of this case are fully stated in the following opinion of the probate judge:

"The plaintiff alleges that he is the sole, lawful and forced heir of Charlotte Genevieve Raphael, the widow of Jean

Baptiste Thomassin, f. p. c., deceased, as he is her grand-
son and only legitimate descendant. He prays to be recog-
nized as such by this court, and that Michel Debergue, as
testamentary executor of his said grand-mother, do render an
account of his administration. The defendant denies the
allegations of the plaintiff, and avers that he is the universal
legatee and testamentary executor of the said Charlotte
Geneviève Raphael.

"It is in proof, that John Baptiste Thomassin, a griffe, was
lawfully married to Charlotte Dédé, alias Charlotte Montreuil,
f. w. c. and that their only surviving child is François
Thomassin, the plaintiff.

"Was this John Baptiste Thomassin, the father of this
petitioner, the sole, legitimate offspring of John Baptiste
Thomassin and Charlotte Geneviève Raphael, is the main
question submitted to the consideration of this court.

"It is in proof, that John Baptiste Thomassin, jr., at the
time of marying Charlotte Dédé, alias Montreuil, declared to
the priest who celebrated the marrige, that his father was
unknown to him. He was at all events at that time an
illegitimate child not even acknowledged. Subsequently to
this marriage, and many years after John Baptiste Thomassin,
sr., married Charlotte Geneviéve Raphael, and they legiti-
mated John Baptiste Thomassin, jr., the plaintiff's father.
This last marriage, although effected since the promulgation
of the Louisiana Code, is only signed, as it was then custom-
ary, by the priest, who celebrated it. When John Baptiste
Thomassin, jr., came to this life, his mother was free, and
John Baptiste Thomassin, sr., was a slave.

"The court considering that the plaintiff is the legitimate
child of John Baptiste Thomassin, jr., and Charlotte Dédé,
alias Charlotte Montreuil; that the said Thomassin was
legitimated by the subsequent marriage of J. B. Thomassin
and Charlotte Geneviéve Rapheal, and that marriage is regar-
ded in no other light than as a civil contract highly favored,
and depending essentially on the free consent of the parties,
capable by law of contracting; that our code does not

17

EASTERN DIST.
May, 1837.

THOMASSIN
vs.
RAPHAEL'S
EXECUTOR.

declare null a marriage not evidenced by an act signed by a certain number of witnesses and the parties, nor does it make such an act exclusive evidence of a marriage. 6 *Louisiana Reports*, 470. That the prohibitions of article 217 of the Louisiana Code, do not apply to the legitimation of children born from the connexion of a free person and a slave, when the incapacity is removed by the manumission of the slave; that the declaration of Philip Pierre and Honoré Destrehan, f. p. c., are, chiefly on account of their old age, insufficient to out-weigh the testimony of the other witnesses in support of the legitimacy of John Baptiste Thomassin, jr.

"It is, therefore, ordered, adjudged and decreed, that the plaintiff be recognized as the legitimate grand-son of Charlotte Geneviève Raphæl, f. w. c., and that Michel Debergue, free man of color, as the testamentary executor of the said Charlotte Geneviève Raphæl, do render an account of his administration."

Notwithstanding the judgment, the executor refused to recognize the plaintiff as a forced heir, and declined placing him on the tableau for the one third of the estate. The plaintiff made opposition, and had judgment admitting his claim. The defendant appealed.

*Magnin* and *Fouchy*, for the plaintiff, urged the affirmance of the judgment, and relied first, on the prescription in favor of the liberty or freedom of the plaintiff's father, he having been in the enjoyment of it long enough to prescribe. *Partida* 3, *tit.* 29, *law* 23.

2. Adoption is relied on. *Partida* 4, *tit.* 16, *laws* 1, 7, 10.

3. Proof of filiation. *Louisiana Code, articles* 213, 214.

4. Legitimation. *Louisiana Code,* 217, 218, 219. The certificate of the celebration of the marriage of the putative father of the plaintiff's ancestor, contains an acknowledgment and the legitimation of his ancestor, by his mother Charlotte G. Raphæl.

EASTERN DIST.,
May, 1837.

THOMASSIN
vs.
RAPHAEL'S
EXECUTOR.

*Grailhe* and *Murphy*, for the defendant, contended that the plaintiff's father could not be legitimated by the marriage, as relied on, because he was not the natural child, and he is not legally acknowledged either before or in the act of marriage. *Louisiana Code, article* 217.

2. But admitting that the plaintiff's father was a natural child, and the issue of the parties in the marriage of 1826, he is not legitimated by the marriage, because at the time of his birth, his putative or pretended father was a slave, incapable of contracting marriage with a free woman.

3. The legitimation set up under the marriage, is null, and of no effect. In such cases legitimation could only be effected by a declaration of the parties in the celebration of the marriage, made in the presence of three witnesses, and signed by the parties and witnesses. *Louisiana Code, article* 107.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff alleges that he is the grand-child and forced heir of Charlotte Raphael, and as such, entitled to one third of her estate ; that she made a will by which she instituted Michael Debergue, her universal legatee and testamentary executor, and concludes with a prayer, that he may render an account of his administration, and pay over one third of the estate to the petitioner.

Defendant answered by general denial, and judgment having been given for the plaintiff, defendant appealed.

The facts of the case are briefly these :

The testatrix, Charlotte Raphael, had a natural son called Jean Baptiste Thomassin, jr., who intermarred in 1806, with Charlotte Montreuil. From this marriage were born two children, of whom François, the plaintiff, is the survivor and only heir. The filiation of François with the testatrix is not contested. At the period of the birth of Thomassin, jr., his putative father, Thomassin, sr., was a slave, and being afterwards emancipated, was married to Charlotte Raphael, in the year 1826, by the curate of St. Louis church, in the city of New-Orleans. The last clause of the registry of marriage is in the following words :

EASTERN DIST.
*May,* 1837.

THOMASSIN
*vs.*
RAPHAEL'S
EXECUTOR.

"Fueron testigos, Louis Simon y Honoré Destrehan, que dando por este acto legitimado el lujo que los expressados coutrayantes tuvierou, llamade Juan Bautista Thomassin, el mismo que ha assistido a la celebracion de esta matrimonio, y para que couste, lo firmè."

(Signed,)      "FR. ANTONIO DE SEDELLA."

*A subsequent marriage of the putative father with the mother, when the parties are persons of color, does not ligitimate the children born before marriage, although they are acknowledged before the priest in the celebration of the marriage.*

Plaintiff's counsel contends, that Thomassin, jr., was legitimated by this marriage, and that the declaration signed by the curate of the church, is a legal and sufficient acknowledgment of the child, and cites the 217th article of the Louisiana Code.

In this opinion, we cannot agree with the counsel. That article of the code, in force at the date of the marriage in question, but since repealed, declares, that "children born out of marriage, except those who are born from an incestuous or adulterous connexion, may be legitimated by the subsequent marriage of their father and mother, whenever the latter have legally acknowledged them for their children, either before their marriage, or by their contract of marriage itself."

*Persons of color can only legitimate their children born before marriage, by a declaration before a notary and two witnesses, if it has not been made at the registering of their births or baptisms.*

And where the parties are persons of color, as in the case now under consideration, the law expressly declares that the only mode in which the acknowledgment can be made, shall be "by declaration executed before a notary public, in presence of two witnesses, whenever it shall not have been made in the registering of the birth or baptism of such child." *Louisiana Code, article* 221.

The plaintiff cannot, therefore, prevail, unless he shows such acknowledgment as is contemplated by this provision of the code ; none such is exhibited or alleged to exist, and whatever may be the disposition of the members of this court to favor the claims of consanguinity, which, by a law of our natures, are respected in every country of the world, we are bound and must obey the will of the legislature.

The opinion here expressed, renders it unnecessary to notice any other point raised in the cause. We think the Court of Probates erred, and that the decree should have been for the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed, and that judgment be entered for the defendant, with costs in both courts.